UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APRIL J. FLOM, *et al.*,

                    Plaintiffs,

            v.                                          Case No. 18-C-261

OUTAGAMIE COUNTY, *et al.*,

                    Defendants.

## SCREENING ORDER

Plaintiffs filed the *pro se* complaint in this action on February 20, 2018. ECF No. 1. The complaint names April J. Flom, Stuart A. Flom, Rachel K. Flom, Rebecca P. Flom, and Rose J. Flom as plaintiffs, but only April and Stuart signed the *pro se* complaint. *Id.* at 3, 7. As defendants, the complaint names Outagamie County; the Outagamie County Departments of Health and Human Services, Child Protective Services, and Probation and Parole; ten individual county employees; four individual county prosecutors and public defenders; two individual Probation and Parole employees; and one or more unnamed insurance companies. *Id.* at 1–3. The Plaintiffs seek to proceed *in forma pauperis*. ECF No. 2. The Court has reviewed the affidavit submitted in support of the motion and concludes that Plaintiffs lack sufficient income and/or assets to pay the filing fee.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance

of the law or with intent to embarrass or harass. In screening a complaint, the court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement

2

to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

April and Stuart Flom are apparently the parents of Rachel, Rebecca, and Rose Flom. *See* ECF No. 2 at 1. The complaint alleges that "[t]he Plaintiffs had their family separated from each other, without a warrant, on [approximately] 2/29/12 and 3/12/12. The family was fraudulently separated and/or kept separated from each other for 14 months." ECF No. 1 at 4. The complaint alleges that workers from Child Protective Services (CPS) made fraudulent statements to the Plaintiffs and to courts. *Id.* It also alleges that CPS workers and officers from Probation and Parole colluded to separate the family. *Id.* Plaintiffs further allege that members of the family were prevented from speaking with each other, that the children were placed in separate schools and foster homes, and that all communications between the parents and children were monitored under threat of jail time for the parents. *Id.* at 4–5. Further, the complaint alleges that "Defendants fraudulently entered into a contract with the Flom Family and Defendants had no intention of fulfilling the contract," that CPS perpetually changed criteria for family reunification, and that the children were told that their parents were not trying to recover custody of them. *Id.* at 5.

To state a claim for relief under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.2d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Under *Monell v. Department of Social Services of the City of New York*, a municipality may be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by

those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. 658, 694 (1978). Accordingly, the Seventh Circuit has identified three ways in which a municipality might violate § 1983:

> (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with "final decision policymaking authority."

*Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)).

Even assuming that the complaint implicates parental rights of a constitutional dimension, the complaint fails to state a claim for which relief can be granted, despite the liberal construction that the court must give to it. By stating general claims against groups such as "CPS workers," "officers of Probation and Parole," and "Defendants," the complaint lacks the particularity necessary to put the individual defendants on notice of the Plaintiffs' claims against them. The claims against Outagamie County and its subsidiary entities are likewise insufficient. The complaint does not identify any policy that allegedly caused the asserted constitutional deprivations by the municipality, and acts by individuals employed by the municipality cannot be a basis for holding the municipality liable. *See Monell*, 436 U.S. at 691.

**IT IS THEREFORE ORDERED** that the Plaintiffs' motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is dismissed for failure to state a claim as required under Fed. R. Civ. P. 8(a). Plaintiffs may file an amended complaint within thirty days from

the date of this order.  If they fail to do so, the action will be dismissed without prejudice.  The court notes that, in the United States federal courts, "one pro se litigant cannot represent another." *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (citing 28 U.S.C. § 1654).  Accordingly, if Plaintiffs choose to file an amended complaint, any plaintiff who fails to sign the amended complaint will be dismissed from this action.

Dated at Green Bay, Wisconsin this <u>9th</u> day of March, 2018.

<div style="margin-left:40%">

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

</div>