UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APRIL J. FLOM, *et al.*,

        Plaintiffs,

v.                                       Case No. 18-C-261

OUTAGAMIE COUNTY, *et al.*,

        Defendants.

## DECISION AND ORDER SCREENING AMENDED COMPLAINT

Plaintiffs April Flom, Stuart Flom, Rachel Flom, Rebecca Flom, and R.J.F., who are representing themselves, filed this amended complaint on April 9, 2018, alleging that the defendants violated their civil rights. ECF No. 5. Plaintiffs have all signed the amended complaint. *Id.* at 7. This court previously entered an order on March 12, 2018, granting Plaintiffs' motion for leave to proceed without prepaying the filing fee but dismissing their original complaint for failure to state a claim. ECF No. 4. That order granted Plaintiffs leave to file an amended complaint within 30 days. *Id.* at 4–5. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiffs are *pro se*, serves the important function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. Accordingly, the court will proceed to screen Plaintiffs' amended complaint.

## LEGAL STANDARD

To state a cognizable claim under the federal notice pleading system, plaintiffs are required to provide a "short and plain statement of the claim showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ALLEGATIONS OF THE COMPLAINT

The amended complaint has significantly reduced the number of individual defendants, and it raises some individualized allegations against the four who remain. Once again, Plaintiffs allege that their family was separated in violation of their constitutional rights for approximately fourteen months beginning in February and March 2012. ECF No. 5 at 3. They allege that Defendant Ann Ports, who is an Outagamie County Department of Child Protective Services (CPS) employee, and Defendant Michelle Davis, who is an Outagamie County Department of Probation and Parole employee, made fraudulent and false statements to Judge Gage in court on April 4, 2014. *Id.* They also allege that Defendant Melissa McDaniel, another CPS employee, "colluded with Michelle Davis to keep the family apart or incarcerated." *Id.* at 3–4. Plaintiffs further allege that Ports and Defendant Sherri DeWilde, a CPS Supervisor, violated their First Amendment rights. *Id.* at 4. Additionally, they allege that McDaniel, as well as CPS and the Probation and Parole department, fraudulently entered into a consent decree with the family establishing conditions for family

reunification but then failed to follow through on their obligations even as April and Stuart Flom satisfied many of their own obligations. *Id.* at 5.

The remaining allegations in the amended complaint are passive, stating that various things happened to Plaintiffs but failing to identify which individuals or entities caused the alleged outcomes. For example, Plaintiff alleges that April Flom was kept apart from the children and limited to two, seventy-five minute visits per week, many of which were cancelled by CPS. *Id.* at 4. On another occasion, Plaintiffs allege, the family was separated due to its poverty, contrary to Wisconsin law. *Id.* at 4. Plaintiffs also allege that Stuart's separation from the children was perpetuated throughout the fourteen month period on false pretenses made up by CPS. *Id.* at 4–5. They allege that the children were falsely told that their parents were not trying to reunify the family, that they were at risk of being split up, and that there was a chance they would be in the system for many years or might even age out of the system. *Id.* at 5. Finally, Plaintiffs allege that they were not reunited despite favorable recommendations to CPS by Ports, McDaniel, DeWilde, Davis, and others. *Id.*

## ANALYSIS

Despite the amended complaint's inclusion of individualized allegations against Defendants Ports, Davis, McDaniel, and DeWilde, it once again fails to state a claim for relief. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Even assuming, once again, that Plaintiffs' allegations implicate their constitutional rights, all of the individualized allegations consist of legal conclusions that are not entitled to the assumption

3

of truth. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Only "[w]hen there are well-pleaded factual allegations" should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Plaintiffs allege that Ports made fraudulent statements in court and violated their First Amendment rights. They allege that Davis made false statements in court and colluded with others to keep the family apart and the parents incarcerated, and they similarly allege that McDaniel fraudulently entered into the consent decree and colluded with others to keep the family apart and the parents incarcerated. Their only allegation against DeWilde is that she violated their First Amendment rights. These conclusory allegations identify the ultimate results of the individual defendants' alleged conduct but still fall short of putting the defendants on notice of which specific actions they took that allegedly transgressed particular legal boundaries.

This lack of particularity is especially relevant in light of the heightened pleading standard that applies to claims of fraud. Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To comply with Rule 9(b), a complaint must "describe[] the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011)). The Seventh Circuit has explained that this heightened pleading standard means that the plaintiff must "show, in detail, the nature of the charge, so that vague and unsubstantiated accusations of fraud do not lead to costly discovery and public obloquy." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854–55 (7th Cir. 2009). Plaintiffs' allegations of fraud lack this required detail. Although they allege that Ports and Davis made false statements in court

4

and that McDaniel made false statements related to the consent decree, they say nothing about the precise statements that any of those defendants made or why those statements were allegedly fraudulent in character. Additionally, they provide no explanation of the manner in which McDaniel and Davis allegedly "colluded" to fraudulently deprive them of their constitutional rights.

Furthermore, all four of the individual defendants are likely entitled to either absolute or qualified immunity. In a case arising out of child protection proceedings, the Seventh Circuit held that "social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision to the court." *Millspaugh v. Cty. Dep't of Pub. Welfare of Wabash Cty.*, 937 F.2d 1172, 1176 (7th Cir. 1991); *see also K.H. ex rel. Murphy v. Morgan*, 914 F.2d 846, 854 (7th Cir. 1990) ("We may assume that a caseworker who initiates a proceeding to remove a child from its parents' custody or who executes an order made by a judge in a juvenile proceeding, enjoys absolute immunity.") Moreover, county workers involved with child protective services actions may receive qualified immunity for more "investigative" matters not implicating decision by a judicial officer, such as "taking initial custody of children." *Millspaugh*, 937 F.2d at 1176; *accord Landstrom v. Ill. Dep't of Children & Fam. Servs.*, 892 F.2d 670, 678 (7th Cir. 1990); *see also Loertscher v. Anderson*, No. 14-CV-879-jdp, 2016 WL 3166599, at *4 (W.D. Wis. June 6, 2016) (explaining that "the 'dividing line' between absolute immunity and qualified immunity 'is whether the injury depends on the judicial decision'" (quoting *Millspaugh*, 937 F.2d at 1175)). Here, Ports and Davis would be entitled to absolute immunity for statements they made in court to Judge Gage, as would McDaniel for any statements made in support of issuance of the consent decree. Although Plaintiffs make no more than a conclusory allegation that DeWilde violated their First Amendment rights, she is also a CPS

employee and would therefore presumably be eligible for qualified immunity for her official investigatory actions outside of formal judicial proceedings.

Finally, the generalized allegations against Outagamie County and its subsidiary entities in Plaintiffs' amended complaint suffer from the same flaw that doomed those claims in their original complaint. Under *Monell v. Department of Social Services of the City of New York*, a municipality may be liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. 658, 694 (1978). Like the original complaint, the amended complaint does not identify any policy that allegedly caused the asserted constitutional deprivations by Outagamie County or its subsidiary entities, and acts by individuals employed by the municipality cannot be a basis for holding the municipality liable. *See Monell*, 436 U.S. at 691.

**IT IS THEREFORE ORDERED** that the amended complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. The Clerk of Courts is directed to enter judgment accordingly.

Dated this 20th day of April, 2018.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court